IN THE UNITED STATES DISTRICT COURT
PTC--FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CR3061 |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH SLOMINSKI, ROGER RIKLI, | ) | REPORT, RECOMMENDATION AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

The following four motions are currently pending:

- The defendants' motion for pretrial conference pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure (filing 33);

- The defendants' motion for an order requiring the government to provide advance notice of its intent to introduce evidence at trial Rule 404(b) evidence of other crimes, wrongs, or acts (filing 34);

- The defendants' motion to dismiss counts I, V, and VI of the indictment on the grounds of duplicity (filing 35); and

- The defendants' motion to dismiss Counts III through VI of the indictment for failure to state an offense (filing 36).

For the reasons set forth hereafter, I shall recommend that the defendants' filing 35 and 36 motions to dismiss be denied, and I shall grant the defendants' filing 33 motion for a pretrial conference. However, I shall not at this time rule on the defendants' filing 34 motion for disclosure of Rule 404(b) evidence.

<u>Motion for Pretrial Conference and</u>
<u>Motion for Disclosure of Rule 404(b) Evidence</u>
(Filings 33 and 34)

The defendants have moved for a pretrial conference.  In support of that motion, they have advised the court and presented documents reflecting that this is a complex case involving voluminous bank, testimonial, and bankruptcy court records; issues relating to when <u>Jencks</u> materials must be produced; and potential attorney-client privilege and immunity claims.  See filing 33.  The government agrees that a pretrial conference is appropriate in this case.  I shall therefore enter an order setting a pretrial conference herein.

The defendants have provided no brief or argument in support of their motion for disclosure of rule 404(b) evidence.  In response to the defendants' filing 34 motion for disclosure of Rule 404(b) evidence, the government states it believes that pretrial disclosure of such evidence would be beneficial for securing a prompt disposition of this case, but the parties disagree as to the timing of that disclosure.  The government states that the issue of when Rule 404(b) evidence needs to be produced is a matter that should be addressed at the pretrial conference.

I agree that under the complex facts of this case, the issue of what is "reasonable notice in advance of trial" as it relates to Rule 404(b) evidence would best be directed to the court, and perhaps resolved by mutual agreement, through dialogue and arguments presented at a pretrial conference.  Therefore, as part of that pretrial conference herein, I shall receive the parties' respective arguments on the motion for disclosure of Rule 404(b) evidence.  Accordingly, the defendants' motion for disclosure of

2

Rule 404(b) evidence is not fully submitted at this time, has not yet been taken under advisement, and this memorandum and order does not include a ruling on the filing 34 motion.

<u>Motion to Dismiss Counts I, V, and VI</u>
<u>on the Grounds of Duplicity</u>
(Filing 35)

Counts I, V, and VI of the grand jury's indictment each allege that the defendants violated 18 U.S.C. §§ 1005 and 2 by making materially false entries in the books, reports, and statements of the First National Bank of Holdrege, Nebraska ("FNBH").  18 U.S.C. § 1005 provides, in relevant part:

> Whoever makes any false entry in any book, report, or statement of [a] bank ... *with intent to injure or defraud* such bank ... or any other company . . . or any individual person, *or to deceive* any officer of such bank . . . or the Comptroller of the Currency, or the Federal Deposit Insurance Corporation . . . [s]hall be fined . . . or imprisoned . . . or both.

18 U.S.C. § 1005 (emphasis added).  The government establishes a violation of 18 U.S.C. § 1005 by proving beyond a reasonable doubt that: (1) an entry made in a bank record was false; (2) the defendant either personally made the entry or caused it to be made; (3) the defendant knew the entry was false when he made it; and (4) the defendant intended that the entry injure or defraud the bank, its officers, or any other company or individual, or deceive the bank officers or public officers.  <u>Brickey v. United States</u>, 123 F.2d 341, 343 (8th Cir. 1941); <u>United States v. Harvard</u>, 103 F.3d 412, 418 (5th Cir. 1997).[1]

---

[1]Counts II, III, and IV of the indictment allege violations of 18 U.S.C. § 1014.  Materiality of the false statement is not an element of a § 1014 offense of making false statements to a federally insured bank.  <u>United States v. Wells</u>, 117 S. Ct. 921

3

Count I of the grand jury indictment alleges the defendants, as officers and employees of FNBH, falsely stated in the books, reports and statements of FNBH that cattle pledged as collateral to secure a promissory note made between DFF Inc. and 73 Farms on June 9, 1994 were valued at $2,509,640.67; the defendants knew that the actual value of the pledged cattle was substantially less than the amount listed on the note; and this false entry was made with the intent to defraud and deceive Dr. William Sandy, the FNBH, the Comptroller of Currency and the Federal Deposit Insurance Corporation ("FDIC").

---

(1997)(interpreting 18 U.S.C. § 1014, reversing <u>United States v Wells</u>, 63 F.3d 745 (8th Cir. 1995), and abrogating <u>United States v. Lopez</u>, 71 F.3d 954 (1st Cir. 1995), <u>United States v. Ryan</u>, 828 F.2d 1010 (3d Cir. 1987); <u>United States v. Bonnette</u>, 663 F.2d 495 (4th Cir. 1981); <u>United States v. Thompson</u>, 811 F.2d 841 (5th Cir. 1987); <u>United States v. Spears</u>, 49 F.3d 1136 (6th Cir. 1995); <u>United States v. Staniforth</u>, 971 F.2d 1355 (7th Cir. 1992); <u>Theron v. United States Marshal</u>, 832 F.2d 492 (9th Cir. 1987); <u>United States v. Haddock</u>, 956 F.2d 1534 (10th Cir. 1992); <u>United States v. Rapp</u>, 871 F.2d 957 (11th Cir. 1989); <u>United States v. Williams</u>, 12 F.3d 452 (5th Cir. 1994)).

Following <u>Wells</u>, the Fifth Circuit held that materiality is also not an element of a § 1005 offense where the defendant is charged with recording an actual misstatement in a bank record entry, (<u>United States v. Harvard</u>, 103 F.3d 412, 418 (5th Cir. 1997)), but <u>Harvard</u> expressly distinguished and did not reverse its pre-<u>Wells</u> holding in <u>United States v. Jackson</u>, 621 F.2d 216, 219 (5th Cir. 1980). <u>Jackson</u> held that when the government seeks to convict a defendant pursuant to § 1005 for an omission of information in bank records, it is required to prove that the concealed information was material. The affirmative misstatement/concealment distinction may be relevant in instructing the jury at trial, but is not relevant on this motion to dismiss. See also <u>United States v. Austin</u>, 823 F.2d 257 (8th Cir. 1987)(§ 1005 claim for false entry affirmed because the defendant's entry in bank records contained "material misleading omissions" intended to hide the true nature of the bank transactions). The grand jury indictments for § 1005 offenses in this case each allege that the defendants made "materially false" entries in the bank's records.

Count V of the indictment alleges that on June 10, 1994, the defendants, as officers and employees of FNBH, caused the discount committee of the bank to falsely record in the its minutes that the committee had approved a $3 million dollar loan to Carter Feeders for cattle purchases; contrary to their representations to the discount committee, the defendants knew that the proceeds released on the Carter Feeders loan were not solely for the purchase of cattle but would be used to pay off the promissory notes of John Morken and Spring Grove Livestock Exchange, Inc.; and the false entry in the FNBH discount committee minutes was made with the intent to defraud Carter Feeders and deceive FNBH, the Comptroller of Currency and the Federal Deposit Insurance Corporation ("FDIC").

Count VI of the grand jury indictment alleges that on June 10, 1994, the defendants, as officers and employees of FNBH, caused an entry to be made on the loan memorandum for "DFF, Inc. Note 27" to reflect that the "Loan Committee approved a temporary increase of $1.8 Million (master notes) for cattle financing for 73 Cattle Co. (Bill Sandy);" this entry was false; the defendants knew that proceeds released on master note DFF, Inc. Note 27 were not solely for the purchase of cattle but would be used to pay off the promissory notes of John Morken and Spring Grove Livestock Exchange, Inc.; and the false entry on the loan memorandum was made with the intent to defraud Carter Feeders and deceive FNBH, the Comptroller of Currency and the Federal Deposit Insurance Corporation ("FDIC").

The defendants claim counts I, V, and VI are duplicitous and therefore must be dismissed.  A duplicitous indictment is one that charges separate offenses in a single count.  <u>United States v. Moore</u>, 184 F.3d 790, 793 (8th Cir. 1999).  The overall vice of

5

duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both. Duplicity allows a jury to convict the defendant without reaching a unanimous agreement on a particular offense. Moore, 184 F.3d at 793.

The gravamen of defendants' duplicity argument is that "[t]he combination of multiple intent terms with multiple alleged victims or targets of the offenses is not proper in a single count." Filing 35 at 5. The defendants claim Counts I, V, and VI are duplicitous because even assuming the jury found a false entry was made by the defendants, the jury need not unanimously decide who was defrauded or deceived by the entry, and need not unanimously decide if the defendants intended to deceive the bank or public authorities or if they intended to defraud the bank, public authorities, or anyone else.

Duplicity concerns are not present "when the underlying statute is one which merely enumerates one or more ways of committing a single offense." Moore, 184 F.3d at 793. In such cases, "all of the different ways of committing that same offense may be alleged in the conjunctive in one count, and proof of any one of the enumerated methods will sustain a conviction." Id. There is "no sound reason why the doing of the prohibited thing, in each and all of the prohibited modes, may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute." Crain v. United States, 162 U.S. 625, 636 (1896), overruled on other grounds, Garland v. State of Washington, 232 U.S. 642 (1914).

The Eighth Circuit has previously addressed and rejected the defendant's arguments.  Applying long-standing duplicity pleading rules for criminal cases, the court in <u>Boone v. United States</u>, 257 F. 963, 965 (8th Cir. 1919)(interpreting U.S. Comp. St. 9774, a predecessor to 18 U.S.C. § 1005)) expressly held that an indictment for making false entries in a bank report is not duplicitous because it alleges two separate intents: the "intent to injure and defraud the bank" and the "intent to deceive the Comptroller of the Currency, or any agent appointed to examine the affairs of the bank."  While such intents may be separate, they may concur in the making of a single false entry; making the false entry is a single crime; and an indictment charging both intents in one count is not duplicitous.  <u>Boone</u>, 257 F. at 965. See also <u>Harvard</u>, 103 F.3d at 420 (bank fraud count alleging the defendant had devised a scheme "to defraud" and "to obtain monies by false representation" was not duplicitous since the two allegations were alternative ways to commit one offense and not allegations of multiple violations of 18 U.S.C. § 1344).

Based on the analysis in <u>Moore</u> and <u>Boone</u>, I also conclude that the intent to defraud some victims while intending to deceive others provides the motive for a single act of false entry in a bank record, a single crime is committed by the false entry, and the allegations of Counts I, V, and VI are not duplicitous because they allege separate intended harms against distinctive victims.

The defendant further argues that since the indictment alleges that the purported false entries were "materially" false, the government is required to show beyond a reasonable doubt that the false entry concerned a material fact capable of influencing a specific party or entity.  They claim that since Counts I, V,

7

and VI are duplicitous, the determination of materiality as to a
specific alleged victim "is simply not manageable in the
context of one charge and creates unanimity concerns. . . ."
Filing 35 at 6. I conclude, however, that even if materiality is
an element of a § 1005 offense,[2] the defendants' concern can be
adequately addressed by the jury instructions at trial. This
argument does not justify an outright dismissal of Counts I, V,
and VI.

Moreover, and perhaps more importantly, the duplicity rules
are criminal pleading rules. Violating these rules is not fatal
to an indictment. United States v. Ramirez-Martinez, 273 F.3d
903, 915 (9th Cir. 2001)(citing United States v. Robinson, 651
F.2d 1188, 1194 (6th 1981)). See also 1A Wright, Miller &
Marcus, Federal Practice and Procedure Crim 3d § 145. Even if an
indictment is duplicitous, the defendants' remedy is to move to
require the prosecution to elect the charge within the count upon
which it will rely. Id. Additionally, the risk of a non-
unanimous verdict inherent in duplicitous indictments can be
remedied by giving a limiting instruction that requires the jury
to unanimously find the defendant guilty with respect to at least
one distinct act. United States v. Karam, 37 F.3d 1280, 1286
(8th Cir. 1994). Therefore, even had I concluded that Counts I,
V, and VI are duplicitous, dismissal of these counts is not the
appropriate remedy.

---

[2]See footnote 1. If materiality is not an element of a §
1005 offense, then the unanimity concerns highlighted by the
defendants in requesting dismissal on the grounds of duplicity do
not exist--the jury will not be required to find that the
defendants' allegedly false entries in the bank records were both
false and material with respect to any victim. See United States
v. Wells, 127 F.3d 739, 743 (8th Cir 1997)(upon remand from the
United States Supreme Court, materiality allegations of a § 1014
indictment were superfluous and disregarded.)

I therefore conclude that defendants' motion to dismiss
Counts I, V, and VI of the indictment on the grounds of duplicity
should be denied.

### Motion to Dismiss Counts III through VI
### For Failure to State an Offense
(Filing 36)

Counts III, IV, V, and VI of the indictment each allege that
the defendants made false statements to FNBH's discount committee
(Counts III and IV--18 U.S.C. § 1014) or false entries in its
bank records (Counts V and VI--18 U.S.C. § 1005) to secure the
committee's approval of a $1.8 million loan to DFF, Inc. and a $3
million loan to Carter Feeders.  Specifically, Counts III, IV, V,
and VI allege that the defendants falsely represented that the
proceeds of these loans would be used to purchase cattle when
they knew the proceeds would be not solely be used for cattle
purchases, but would be used to pay off the promissory notes of
John Morken and Spring Grove Livestock Exchange, Inc.   The
defendants argue that "the two events (lending money for the
purchase of cattle and extinguishing existing debt on the cattle
purchased) are not mutually exclusive and are not inconsistent.
For these reasons, the defendants submit that the indictment does
not allege a criminal violation of law."  Filing 36 at 6.

An indictment is sufficient if it includes the elements of
the offense, provides adequate notice as to the charge, and
enables the defendant to plead double jeopardy as a bar to
further prosecution.  Hamling v. United States, 418 U.S. 87
(1974); United States v. Hernandez, 299 F.3d 984, 992 (8th Cir.
2002); United States  v. Diaz-Diaz, 135 F.3d 572, 575-76 (8th
Cir. 1998).  "An indictment will ordinarily be held sufficient
unless it is so defective that it cannot be said, by any

reasonable construction, to charge the offense for which the defendant was convicted." Hernandez, 299 F.3d at 992.

Counts V and VI of the indictment allege the elements of a violation of 18 U.S.C. § 1005. As previously discussed, these counts allege the defendants knowingly made or caused to be made materially false entries in the records of FNBH with the intent to defraud the bank, public authorities, or other entities or individuals or the intent to deceive bank or public authorities. The essential elements of a § 1005 offense are alleged in counts V, and VI. See Harvard, 103 F.3d at 418.

Counts III and VI allege the defendants violated 18 U.S.C. § 1014 which penalizes false statements made to a variety of federal financial agencies, including the FDIC and FDIC member banks. 18 U.S.C. § 1014 provides in part:

> Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of ... any institution the accounts of which are insured by the Federal Deposit Insurance Corporation, ... [or] the Federal Deposit Insurance Corporation ... upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

As applied to this case, to prove a violation of § 1014, the government must prove beyond a reasonable doubt that: (1) a false statement was made; (2) the defendants made the false statement; (3) the defendants knew the statement was false when it was made; and (4) the statement was made for the purpose of influencing

10

FNBH, an FDIC-insured bank, to change or extend a loan.  United States v. Jenkins, 210 F.3d 884, 886 (8th Cir. 2000).  See also United States v. Autorino, 381 F.3d 48, 51 (2d Cir. 2004).

Counts III and IV allege all the essential elements of a § 1014 offense.  Count III alleges that on June 10, 1994, the defendants stated to the bank's discount committee that a requested $1.8 million loan to DFF, Inc. was for cattle financing for 73 Cattle Co. (Bill Sandy); the statement was false in that the loan proceeds released were not solely for the purchase of cattle but would be used to pay off the promissory notes of John Morken and Spring Grove Livestock Exchange, Inc.; the defendants knew the statement was false; and the statement was made to influence the actions of FNBH, an FDIC-insured bank.  (See also analogous Count VI alleging § 1005 false entries).  Likewise, Count V of the indictment alleges that on June 10, 1994, the defendants stated to the bank's discount committee that a requested $3 million loan to Carter Feeders was for cattle purchases; the statement was false in that the loan proceeds were not solely to purchase cattle but would be used to pay off the promissory notes of John Morken and Spring Grove Livestock Exchange, Inc.; the defendants knew the statement was false; and the statement was made to influence the actions of FNBH, an FDIC-insured bank.  (See also analogous Count V alleging § 1005 false entries).

Although Counts III through VI allege all the required elements for § 1005 and § 1014 offenses, the defendants argue that the transactions disclosed in Counts III through VI are not criminal in nature.  Essentially, they argue that obtaining a loan for cattle purchases when the loan proceeds are not "solely for cattle purchases" is not a crime because lending money to

11

both purchase cattle and extinguish existing loans for cattle
purchases is a loan for "cattle purchases."

    Contrary to the defendants' arguments, a loan to purchase
cattle is not synonymous with a loan to extinguish a prior loan
to purchase cattle, nor does stating the loan is for cattle
purchases fully advise the bank that the proceeds will also be
used to pay pre-existing debt.  Failing to provide the complete
story of the intended use of the loan proceeds by misrepresenting
and purposely concealing, even in part, how the money will be
spent constitutes false and misleading conduct in violation of §
1005 and § 1014.  United States v. Wells, 127 F.3d 739, 744 (8th
Cir. 1997)(affirming § 1014 conviction for failing to disclose
the true contractual terms of a loan financing with the intent to
influence the bank's decision to extend the loan); United States
v. Austin, 823 F.2d 257 (8th Cir. 1987)(conviction under § 1005
for false entry affirmed because the defendant's entry in bank
records contained "material misleading omissions" intended to
hide the true nature of the bank transactions); United States v.
Jackson, 621 F.2d 216, 218 (5th Cir. 1980)(loan memo indicating
that the purpose of the loan was to move a loan to another bank
when the real purpose was to aid another company was a false
entry in violation of § 1005).

    I conclude that Counts III through VI of the grand jury
indictment sufficiently place the defendants on notice of the
allegations they face, and allow them to prepare their defense
and plead double jeopardy as a bar to any future prosecution.
United States v. White, 241 F.3d 1015, 1022 (8th Cir. 2001).  I
therefore recommend that the motions to dismiss Counts III
through VI for failing to state and offense should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. §636(b)(1)(B), that the defendants' motions to dismiss, filings 35 and 36, be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT IS FURTHER HEREBY ORDERED:

1.   The defendants' motion for a pretrial conference, filing 33, is granted.  A pretrial conference will be held on July 28, 2005 at 11:00 a.m. in the chambers of the undersigned.

2.   The parties' arguments on defendants' motion for disclosure of Rule 404(b) evidence, filing 34, shall be presented to the court during the pretrial conference.

DATED this 18th day of July, 2005.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

13