```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
               Plaintiff,      )
                               )        4:04CR3061
          v.                   )
                               )
KENNETH SLOMINSKI and          )
ROGER RIKLI,                   )        MEMORANDUM AND ORDER
                               )
               Defendants.     )
                               )
```

Defendants have filed a joint motion seeking material encompassed by the rules of Brady v. Maryland, 373 U.S. 83 (1963). The motion must be denied for several reasons.

First, procedurally, the defendants have not complied with Paragraph 3 of the progression order, filing 20, by failing to confer with opposing counsel about resolving the request for information without the involvement of the court. It appears from the response to the motion filed by the government that had they done so, at least the government's attorney would have a sense of what it is they are requesting and perhaps its materiality to the case. Such is particularly important in the Brady lexicon, where the prosecutor's duty of disclosure is independent of a defendant's request, because the defendant may not even know what information the prosecution might possess.

> "In the typical case where a defendant makes only a general request for exculpatory material under Brady v. Maryland, it is the [prosecuting entity] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987) (citation

> omitted) (footnote omitted).  There is no constitutional
> requirement for the prosecutor "to deliver his entire
> file to defense counsel."  [United States v.] Agurs, 427
> U.S. 97 at 111; accord [United States v. Bagley, 473 U.S
> 667 at 675; see also United States v. McMahan, 744 F.2d
> 647, 651 (8th Cir. 1984) (Brady "does not require the
> government to provide defendants with all information it
> has regarding each of its witnesses").

U.S. v. Pou, 953 F.2d 363, 366 (8th Cir. 1992), cert. denied, 504 U.S. 926 (1992) (Court was not required to conduct in camera review of government's file on defendant's assertion that it *might* contain Brady material).  In such an instance it is simply more practical for counsel to discuss the material in the prosecution's file to determine whether some of it is, in fact, covered by Brady.

   Second, defendants have not complied with the requirements of NECrimR 12.3(b)(1), in that no brief was filed in support of the motion.  This is again especially problematic in this context, as the government challenges the materiality of the matters requested in the motion.  I agree with the government that it is the defndants' burden to demonstrate materiality, and their failure to do so has doomed their requests.  Absent a colorable showing that the government's file in fact contains Brady material or that the government has acted in bad faith in denying information, there is no basis upon which to grant the motion.  United States v. VanBrocklin, et al., 115 F.3d 587, 594 (8th Cir. 1997), citing United States v. Willis, 89 F.3d 1371, 1381 (8th Cir. 1996).

   Finally, the motion itself does not establish materiality of the material sought, nor undermine the government's acknowledgement of its obligations under Brady.  Defendants have

simply failed to provide any facts or argument that causes the court to require the government to do anything more.

IT THEREFORE HEREBY IS ORDERED,

The motion for disclosure of Brady Material, filing 47, is denied.

DATED this 21st day of September, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge